

**SO ORDERED.**

**SIGNED this 14 day of January, 2009.**

_____
Dale L. Somers
**UNITED STATES BANKRUPTCY JUDGE**

_____

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

RANDALL JAMES ROGERS,
KIMBERLY ANN ROGERS,

        DEBTORS.

CASE NO. 08-21487-13
CHAPTER 13

**OPINION DETERMINING DEBTORS ARE ELIGIBLE TO BE CHAPTER 7 DEBTORS EVEN THOUGH THEY ARE NOT ELIGIBLE TO RECEIVE CHAPTER 7 DISCHARGES, AND DIRECTING THE CLERK'S OFFICE TO SCHEDULE AN EVIDENTIARY HEARING ON THE MOTION TO CONVERT**

This matter is before the Court for resolution of a preliminary issue regarding the Chapter 13 Trustee's motion to convert this case to Chapter 7. Trustee W.H. Griffin appears *pro se*. The Debtors appear by counsel G. Addam Fera. The Court has reviewed the relevant materials and is now ready to rule.

**FACTS**

The Debtors commenced this case on June 25, 2008, by filing a Chapter 13 petition. They reported having previously filed a case in the Western District of Missouri in March 2001, less than eight years before they filed their new petition. The Debtors allege they received a discharge in that 2001 case. A search of the electronic U.S. Party/Case Index maintained by the Federal Judiciary's PACER Service Center confirms that a discharge order was entered in that case. Consequently, the Debtors are barred by § 727(a)(8) of the Bankruptcy Code from receiving a Chapter 7 discharge in their current case. The prior discharge does not make them ineligible to receive a Chapter 13 discharge under § 1328.

The Debtors filed a plan along with their Chapter 13 petition and filed an amended one in November, but their plan has not yet been confirmed. On October 27, the Trustee filed a motion to convert the case to Chapter 7, suggesting the Debtors might have business inventory that could be liquidated and may be trying to use Chapter 13 improperly to avoid obligations to certain prepetition customers of their business. In response, the Debtors asserted, among other things, that because of their discharge in the Missouri case, they are not eligible for Chapter 7. At a non-evidentiary hearing on December 19, the Court took under advisement the question whether the previous discharge prevents converting this case to Chapter 7 even if the Trustee can establish under § 1307(c) that "cause" for conversion exists and conversion rather than dismissal would be in the best interests of creditors and the bankruptcy estate.

**DISCUSSION**

The Court has found no opinion addressing the Debtors' argument that their prior discharges make them ineligible not only to receive Chapter 7 discharges in this case, but even to become Chapter 7 debtors at all. Section 1307(g) provides that a Chapter 13 case can only be converted to a chapter under which the debtor qualifies to be a debtor, so this case could not be converted to Chapter 7 if the Debtors' argument were correct. Consideration of several other Bankruptcy Code provisions, however, indicates the argument is wrong.

Section 109 contains the general rules specifying who may be debtors in cases under Chapters 7, 11, 12, and 13 of the Bankruptcy Code.[1] It identifies potential debtors by categories such as "person," "entity," and "individual with regular income." Subsection (a) states the broadest qualification: to be a debtor under any of those chapters, a "person" (defined in § 101(41) to include individuals like these Debtors) must reside or have a domicile, place of business, or property in the United States. Subsection (b) then specifies certain types of persons that may not be debtors in Chapter 7 cases, but the exclusions do not include individuals. Subsection (g) makes an individual ineligible to be a debtor for 180 days after a prior case in which certain things occurred, and subsection (h) generally requires an individual to receive a credit counseling briefing to become eligible to file a bankruptcy case, but neither subsection makes eligibility to

---

[1] A "municipality" may also be a debtor, but § 101(40) defines that term to mean a political subdivision or public agency or instrumentality of a State. Obviously, no individual meets that definition. Section 109(c) provides only a municipality can be a debtor under Chapter 9, so that chapter has nothing to do with individuals.

3

receive a discharge a requirement. In short, nothing in § 109 supports the Debtors' argument that they are not eligible to be Chapter 7 debtors.

The discharge eligibility provision the Debtors are relying on appears in § 727, which applies only to Chapter 7 cases. Subsection (a) of § 727 generally directs the bankruptcy court to grant "the debtor" a discharge unless any of a number of things is true. The fact the relevant person under this subsection is referred to as "the debtor" indicates it is not intended to specify who qualifies to be a debtor. Notably, the first thing listed in subsection (a) that makes a debtor ineligible to receive a Chapter 7 discharge is not being an individual.[2] If the Debtors' argument were correct, this would mean that corporations, for example, would not be eligible to file Chapter 7 cases. Yet Chapter 7 cases are routinely filed by corporate debtors. The provision that makes these Debtors ineligible to receive a Chapter 7 discharge is the eighth thing listed in § 727(a): "the debtor has been granted a discharge under this section . . . in a case commenced within 8 years before the date of the filing of the petition" in the current case.[3] Nothing in the provision suggests it is intended to preclude such a debtor from becoming a debtor under Chapter 7. Instead, if an individual's eligibility to receive a Chapter 7 discharge had been intended to be a prerequisite to being a Chapter 7 debtor, the restriction would have been placed in § 109 instead of § 727, which becomes applicable only after the individual has already become a Chapter 7 debtor.

---

[2] § 727(a)(1).

[3] § 727(a)(8).

4

Case 08-21487    Doc# 52    Filed 01/14/09    Page 4 of 5

The Court has found assertions in *Collier on Bankruptcy*, a leading bankruptcy treatise, that indicates the authors would reject the Debtors' argument. The treatise suggests a person must owe at least one debt to qualify to be a Chapter 7 debtor, even though no Code provision explicitly requires it, but adds that the person need not have any dischargeable debts, since some bankruptcy benefits do not depend on a discharge.[4] This authority convinces the Court it has not overlooked any implicit Bankruptcy Code requirement that an individual must qualify for a Chapter 7 discharge in order to become a Chapter 7 debtor.

**CONCLUSION**

For these reasons, the Court rejects the Debtors' argument that this case cannot be converted to Chapter 7. If the Trustee can establish under § 1307(c) that "cause" for conversion exists and that conversion, rather than dismissal, is in the best interests of creditors and the estate, the case will be converted to Chapter 7. The Clerk's Office is directed to schedule an evidentiary hearing on the Trustee's motion to convert as the state of the docket permits.

---

[4] 2 *Collier on Bankruptcy*, ¶ 109.03[2] at p. 109-16 and n. 11 (Resnick & Sommer, eds.-in-chief, 15th ed. rev. 2008). Note 11 adds that case law before adoption of the 1978 Code disagreed whether a person had to have at least one dischargeable debt to file a bankruptcy case, but the majority view said no. *Id.* (citing 1 *Collier on Bankruptcy*, ¶ 4.03 (Matthew Bender 14th ed. 1974)).

5

Case 08-21487    Doc# 52    Filed 01/14/09    Page 5 of 5